**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JERRY M. ADAIR, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**CIGNA CORPORATE SERVICES, LLC, and**<br>**THE CIGNA GROUP,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 25-2384** |

**ORDER**

**AND NOW**, this 12th day of November, 2025, upon consideration of Defendants' Motion to Dismiss (ECF Nos. 45, 48) and Plaintiffs' response thereto (ECF No. 47), it is **HEREBY ORDERED** that Plaintiffs shall **SHOW CAUSE** no later than December 1, 2025 as to why this action should not be dismissed for lack of standing.[1] It is **FURTHER ORDERED** that Defendants shall file a response to Plaintiffs' supplemental briefing no later than December 15, 2025.

**BY THE COURT:**

*\S/* **WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

[1] Defendants have moved to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). With respect to Rule 12(b)(1), they argue that Plaintiffs have not alleged an "injury in fact," which requires a "concrete" harm. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). The parties' briefing is currently inadequate to resolve this question, as it omits analysis of binding precedent regarding standing to pursue statutory wiretapping claims. Accordingly, the parties are directed to address the sufficiency of Plaintiffs' alleged harms through the lens of *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and its progeny—*e.g.*, *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136 (3d Cir. 2024), and *Cook v. GameStop, Inc.*, 148 F.4th 153 (3d Cir. 2025).