**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JERRY M. ADAIR, CARLA DANIELSON, KATHERINE J. EMRICK, PRESTON PHAM, and EVA D. RECCHIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATE SERVICES, LLC, and THE CIGNA GROUP,<br><br>Defendants. | Case No. 2:25-cv-02384 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to advise the Court of a recent decision in this District relevant to Defendants' pending motion to dismiss and this Court's Order to Show Cause regarding standing. Docs. 45, 49.

On December 10, 2025, Judge Diamond denied a motion to dismiss in *Yates v. Evernorth Health*, No. 25-2773-PD (E.D. Pa. Dec. 10, 2025). Ex. 1. In *Yates*, the plaintiff alleges that a Cigna subsidiary unlawfully intercepts private health data on the mdlive.com webpage. *See* Compl., *Yates v. Evernorth Health*, No. 25-2773-PD (May 30, 2025), Ex. 2. In denying the defendant's motion to dismiss, Judge Diamond rejected arguments that are nearly identical to those raised by Defendants in this case, finding for the plaintiff in at least five ways that are relevant here. *First*, Judge Diamond found that the plaintiff plausibly alleged a concrete harm where third-party tracking technologies were alleged to have captured and transmitted her browsing activity on a healthcare website without her authorization. Ex. 1 at 4. *Second*, Judge Diamond found that allegations concerning the interception of healthcare-related browsing activity plausibly alleged interception of the "contents" of electronic communications under both

the Electronic Communications Protection Act ("ECPA") and the Pennsylvania Wiretapping and Electronic Surveillance Act ("WESCA"). *Id*. at 6–8. *Third*, Judge Diamond found that allegations of intentional HIPAA violations are sufficient at the pleading stage to invoke the crime-tort exception of the ECPA, such that the question of whether a defendant consented to the interception of private data is immaterial. *Id.* at 6. *Fourth*, Judge Diamond found that general disclosures regarding cookies or pixels did not establish that the plaintiff consented to the interception of her private data, as the *Yates* plaintiff did not consent to "[a] particular, undisclosed use" of protected health information under HIPAA. *Id.* at 6–7. *Fifth*, Judge Diamond found the plaintiff's allegations that identified specific webpages on which tracking occurred were sufficient to state claims under the ECPA and WESCA. *Id.* at 5.

Dated: December 17, 2025

s/ Andrew D. Schlichter

Andrew D. Schlichter (*pro hac vice*)
Jerome J. Schlichter (*pro hac vice*)
Alexander L. Braitberg (*pro hac vice*)
Nathan D. Stump (PA Bar No. 90169)
Chen Kasher (*pro hac vice*)
Sean M. Milford (*pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
jschlichter@uselaws.com
abraitberg@uselaws.com
nstump@uselaws.com
ckasher@uselaws.com
smilford@uselaws.com

*Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of December 2025, a true and correct copy of the foregoing document was filed via the Court's CM/ECF filing system and is available to all counsel of record through that system.

s/ Andrew D. Schlichter
Andrew D. Schlichter