**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JERRY M. ADAIR, CARLA DANIELSON, KATHERINE J. EMRICK, PRESTON PHAM, and EVA D. RECCHIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATE SERVICES, LLC, and THE CIGNA GROUP,<br><br>Defendants. | Case No. 2:25-cv-02384 |

**DEFENDANTS CIGNA CORPORATE SERVICES, LLC AND THE CIGNA GROUP'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Cigna Corporate Services, LLC and The Cigna Group (together, "Cigna") submit this brief in response to Plaintiffs' Notice of Supplemental Authority ("Notice"). Plaintiffs' filing goes well beyond the limited purpose of a notice of authority and improperly includes incorrect arguments and mischaracterizations of *Yates v. Evernorth Health*, No. 25-2773-PD (E.D. Pa. Dec. 10, 2025). *Yates* does not alter the standing analysis before this Court.

### A. Plaintiffs Misuse the Notice Procedure

Plaintiffs' submission is procedurally improper. A notice of supplemental authority is limited to identifying new authority; it is ***not*** a vehicle for advancing new argument or attempting to re-brief issues already before the Court. *See Redstone v. Aetna, Inc.*, No. 21-19434 (JXN) (JBC), 2025 WL 842514, at *15 (D.N.J. Mar. 18, 2025) (supplemental authority should not raise new arguments); *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 264 (3d Cir. 2008) (stating that parties cannot use supplemental authority under Federal Rule of Appellate Procedure 28(j) to present additional arguments). Yet Plaintiffs' Notice goes well beyond the permitted scope of a notice of supplemental authority, offering new arguments, mischaracterizations of *Yates*, and positions not raised in their prior briefing. The Court should disregard this improper content. *See, e.g., Beazer East*, 525 F.3d at 264-65 (finding that a party waived an argument when it did not raise it in its original briefing but instead attempted to introduce it as supplemental authority).

### B. *Yates* Has No Bearing on Standing or on Plaintiffs' Pleading Theories Here

First, *Yates* did not address—let alone apply—the common-law comparators required by *TransUnion*, *Barclift*, and *Cook*. Although the *Yates* Order briefly references *Cook*'s observation that the plaintiff there had not entered personal or sensitive information, it does not engage with

*Cook*'s actual holding that no concrete injury exists absent public disclosure or an intrusion into seclusion, nor does it apply *Barclift*'s "kind-of-harm" test. *See* Yates Order at 4.

Second, *Yates* involved allegations materially different from those here. The court repeatedly emphasized the plaintiff's allegations of HIPAA violations tied to third-party advertising use and undisclosed tracking within an authenticated patient-care scheduling portal, not a public-facing website. *See id.* at 2, 6–7. Here, by contrast, the crux of Plaintiffs' claims concern public webpages, not an intake portal for medical appointments. In addition, Plaintiffs here expressly allege that they consented to Cigna's Privacy Notice and the use of third-party software within myCigna.

Third, nothing in *Yates* assists Plaintiffs on the merits. *Yates* turned on factual premises not present in this case, including allegations that third parties had access to specific treatments and services sought by plaintiffs and that the plaintiffs did not consent to the use of that information. *Id.* at 1, 7. Here, Plaintiffs admit they agreed to Cigna's terms, and do not assert fact allegations showing that their own information was intercepted.

Finally, *Yates* does not excuse Plaintiffs' failure to engage with *TransUnion*, *Barclift*, or *Cook*, nor does it supply the concrete, real-world harm they must allege. Nothing in *Yates* undermines the requirement—binding here—that Plaintiffs identify a historically recognized privacy harm and plausibly allege that they personally suffered it.

In short, *Yates* does not change the standing analysis or bolster Plaintiffs' theories, and the arguments in the Notice warrant no consideration.

Dated: December 19, 2025

By: */s/ Tiffany Cheung*
Tiffany Cheung

TIFFANY CHEUNG (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: TCheung@mofo.com

KATHERINE E. DRISCOLL (328688)
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: KDriscoll@mofo.com

ELISABETH HUTCHINSON (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
4200 Republic Plaza, 370 Seventeenth Street
Denver, CO 80202-5638
Telephone: (303) 592-1500
Email: EHutchinson@mofo.com

JOE NGUYEN (93638)
BRIDGET C. GIROUD (321289)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8000
Email: JNguyen@stradley.com
Email: BGiroud@stradley.com

***Counsel for Defendants Cigna Corporate Services, LLC and The Cigna Group***

**CERTIFICATE OF SERVICE**

I, Tiffany Cheung, hereby certify that on December 19, 2025, the foregoing document was filed electronically with the Clerk of the Court using the ECF system. This document is available for reviewing and downloading from the ECF system.

/s/ *Tiffany Cheung*
Tiffany Cheung