**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JERRY M. ADAIR, et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**CIGNA CORPORATE SERVICES, LLC, and**<br>**THE CIGNA GROUP,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 25-2384** |

**ORDER**

**AND NOW**, this 12th day of March, 2026, upon consideration of the Amended Motion for Appointment of a Special Master (ECF No. 81), after conferring with the parties, and in light of the Affidavit of Bruce P. Merenstein (ECF No. 90), **IT IS HEREBY ORDERED** that:

1) The Motion for Appointment of a Special Master (ECF No. 75) is **DENIED** as **MOOT**.

2) Pursuant to Federal Rule of Civil Procedure 53, **BRUCE P. MERENSTEIN** is **APPOINTED** as **SPECIAL MASTER** in this case to resolve the discovery disputes stipulated in ECF No. 82 and any other discovery disputes referred by the Court.

3) A party may move for referral of additional discovery matters to the Special Master and provide a brief containing a concise statement of the discovery dispute and the legal contentions and authorities relied upon in support of their motion. The non-moving party will have fourteen (14) days after service of the motion and supporting brief to address the moving party's arguments. Counsel are directed to meet and confer to resolve discovery disputes before moving for referral of an issue to the Special Master.

4) The Special Master also shall have all authority under Federal Rule of Civil Procedure 53(c), subject to the parties' rights to object to the Special Master's decisions pursuant to Federal Rule of Civil Procedure 53(f).

5) Consistent with Federal Rule of Civil Procedure 53(c), the Special Master has authority to take all appropriate measures to perform fairly and efficiently the assigned duties, including imposing upon a party any non-contempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party.

6) The Special Master shall proceed with all reasonable diligence at the earliest possible time, consistent with his other professional obligations, and shall have exclusive authority to decide on the procedures to be used in discharging his responsibilities, so as to allow for the most expeditious resolution of the issues.

7) The Special Master shall, until the conclusion of this matter, maintain files consisting of: (a) all billing records; (b) all documents received from the parties; and (c) any written orders, findings, or recommendations. The Special Master shall email any orders, reports, or recommendations she issues to the parties and any such order, report, or recommendation shall also be filed with the Court via Electronic Case Filing (ECF).

8) The Special Master shall not communicate *ex parte* with counsel or the parties, except for logistical or scheduling purposes. The Special Master may communicate *ex parte* with the Court on such matters that the Special Master or the Court deems appropriate.

9) The Special Master may have access to confidential information in this action. The Special Master and those persons assisting him shall preserve and protect the confidentiality of all such information and shall confirm in a signed writing that they will do so.

10) The standard of review by the Court of the Special Master's orders shall be for abuse of discretion. *See* Fed. R. Civ. P. 53(f)(5).

11) Objections to an order, report, or recommendation of the Special Master shall be filed no

later than five (5) days from the date the order, report, or recommendation is filed. The responses thereto shall be filed no later than five (5) days after being served with the objections. The objections and responses are limited to five (5) pages each, and the parties must serve, file, and docket with the Court any relevant portion of the record made before the Special Master that pertains specifically to the objections.

12) The Special Master's compensation shall be his standard hourly rate and the standard hourly rate of any member of his staff also working on the matter at his direction, as those standard hourly rates are customarily established from time to time by his law firm.

13) The Special Master shall send monthly statements for his total services and expenses directly to counsel for the parties or send such statements for periods longer than one month as the Special Master deems warranted. In response, the Special Master shall receive payments directly from counsel for the parties within 30 days for their respective payments.

14) The Special Master's fees and expenses shall be shared by the parties equally. This allocation may be modified pursuant to Rule 53(g) to the extent the Court finds either party more responsible than the other for referral of an issue to the Special Master.

**BY THE COURT:**

**S/** WENDY BEETLESTONE

**WENDY BEETLESTONE, C.J.**