**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JERRY M. ADAIR, CARLA DANIELSON, KATHERINE J. EMRICK, PRESTON PHAM, and EVA D. RECCHIA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CIGNA CORPORATE SERVICES, LLC, and THE CIGNA GROUP,

Defendants.

Case No. 2:25-cv-02384-WB

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Judge: Hon. Wendy Beetlestone

Date Action Filed: May 9, 2025

Defendants' reply in support of their motion to dismiss does not identify pleading defects in Plaintiffs' Second Amended Complaint ("SAC"). Instead, Defendants both withdraw arguments on which they extensively relied in their motion to dismiss and advance brand-new *factual* arguments that were not included in their opening brief, including arguments concerning (i) whether Plaintiffs' data disclosed to third parties included protected health information ("PHI"); (ii) whether Plaintiffs' private health-related data were disclosed for marketing purposes; (iii) whether Plaintiffs consented to the disclosure of the private health-related data; and (iv) the location where Plaintiffs' private health-related data were intercepted. Aside from being improperly introduced for the first time in Defendants' reply, these arguments depend on disputed factual inferences, and thus are inappropriate at the motion-to-dismiss stage. *See Flora v. County of Luzerne*, 776 F.3d 169, 174–75 n.8 (3d Cir. 2015) (factual issues outside the pleadings are may not be considered in adjudicating a motion to dismiss).

As an initial matter, Defendants in their reply withdraw the arguments made in their opening brief that depended on Defendants' position that their sharing of Plaintiffs' private

health-related data with Adobe, Inc. ("Adobe") and other third parties occurred pursuant to business associate agreements. ECF No. 118 at 5 n.2. Defendants do so despite the fact that, as Defendants concede in a footnote, Defendants' opening brief *repeatedly* relied on the existence of business associate agreements to argue that the disclosure of Plaintiffs' PHI to Adobe and other third parties was a permitted activity. *Id.*; ECF No. 101 at 2, 5, 14, 20–21, 27, 30.

As a purported substitute for their withdrawn arguments, and for the first time in their reply, Defendants seek to deploy various new fact-based arguments that are contrary to the SAC's allegations, and thus improper. For instance, Defendants ask the Court to find that their disclosure of Plaintiffs' private health-related data to third parties was for "operational," not marketing, purposes. ECF No. 118 at 5. But the SAC repeatedly alleges, in substantial detail and in *numerous* paragraphs, that Defendants transmitted Plaintiffs' health-related data to Adobe and other third parties for marketing-related reasons. *E.g.*, SAC (ECF No. 89) at ¶¶ 286–306. Those detailed factual allegations, including allegations regarding Adobe's "customer journeys" and "advertising auctions" (*id.* at ¶¶ 304–06) among other things, must be accepted as true at the motion-to-dismiss stage, and plausibly allege that Defendants disclosed Plaintiffs' private health data based on marketing considerations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) ("A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."). Similarly, Defendants' new fact-based arguments that Adobe and other third parties neither received Plaintiffs' PHI nor used Plaintiffs' PHI for marketing purposes are contrary to the SAC's detailed allegations, which at the motion-to-dismiss stage must be accepted as true. *Flora*, 776 F.3d at 174–75 n. 8.

Defendants' public-website argument fails for the same reason. Defendants newly, and incorrectly, insist in their reply that Plaintiffs allege only "anonymous browsing activity" (ECF No. 118 at 5), and urge the Court to so find – but that is unequivocally not what the SAC alleges. Instead, the SAC *extensively* alleges that the health-related data that Defendants captured, including cookies, persistent identifiers, device identifiers, and other data, permitted Defendants and third parties to individually identify and profile Plaintiffs. SAC at ¶¶ 195–211 ("[Third-party vendor] LiveRamp's marketing materials describe a system designed to 'connect the known to the unknown' by linking mobile and online identifiers, email addresses, telephone numbers, and postal addresses to a single identity profile[.]"). As a matter of law, Defendants cannot obtain dismissal by insisting that the Court make factual findings that these data were anonymized, in direct contravention of the SAC's allegations. *E.g.*, SAC at ¶¶ 195–211, 284 ("Google Ads is now tracking a user's search for diabetes-related information, with persistent identifiers (including cookies) that can track the user across multiple domains and the Internet.").

Defendants' consent argument likewise turns on factual disputes that cannot be resolved on the pleadings. Defendants' (groundless) argument that Plaintiffs consented to the disclosure of their private health data turns on whether Plaintiffs reasonably had notice of, and agreed to, the specific conduct at issue. *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 151–52 (3d Cir. 2015) ("To Google's point, a sophisticated internet user may well have known that, in browsing the internet, her URL information was sent to Google. But such a user would also reasonably expect that her activated cookie blocker meant her URL queries would not be associated with each other due to cookies."). But the SAC alleges that Plaintiffs did *not* have notice of or agree to the interception and disclosure of their PHI to third parties for marketing purposes, and further alleges that Defendants' HIPAA Notice required that Defendants obtain

express authorization prior to disclosing Plaintiffs' PHI for marketing purposes. SAC ¶¶ 348–403. Defendants' demand that the Court, at the motion-to-dismiss stage, make factual findings that are contrary to these allegations is improper.

Finally, Defendants' new WESCA argument asks the Court to resolve factual questions concerning the location of the at-issue interception prematurely, and is thus improper. The Third Circuit has been clear: the situs of an alleged interception of data under WESCA is a factual issue. *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 132–33 (3d Cir. 2022) ("We therefore leave it to the District Court to determine anew whether there is a genuine issue of material fact about where the interception occurred."). Defendants argue that no Plaintiff accessed the Website from Pennsylvania (ECF No. 118 at 8–9), but that says nothing of where (i) the intercepted communications were routed and received, (ii) the relevant code operated, and (iii) Defendants caused the interception to take place. *Flora*, 776 F.3d at 174. These factual issues are not appropriately decided on a motion to dismiss.

Dated: May 26, 2026

Respectfully submitted,

s/ Andrew D. Schlichter
Nathan D. Stump (PA Bar No. 90169)
Jerome J. Schlichter (*pro hac vice*)
Andrew D. Schlichter (*pro hac vice*)
Alexander L. Braitberg (*pro hac vice*)
Chen Kasher (*pro hac vice*)
Scott A. Bumb (*pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel.: (314) 621-6115/ Fax: (314) 621-5934
nstump@uselaws.com
jschlichter@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com
sbumb@uselaws.com

Zoe E. Seaman-Grant
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
(630) 919-9301
zseamangrant@uselaws.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May 2026, a true and correct copy of the foregoing document was filed via the Court's CM/ECF filing system and is available to all counsel of record through that system.

s/ Andrew D. Schlichter
Andrew D. Schlichter