**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JERRY M. ADAIR, CARLA DANIELSON, KATHERINE J. EMRICK, PRESTON PHAM, and EVA D. RECCHIA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CIGNA CORPORATE SERVICES, LLC, and THE CIGNA GROUP,

Defendants.

Case No. 2:25-cv-02384

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXTEND FACT DISCOVERY DEADLINE**

Judge: Hon. Wendy Beetlestone

Date Action Filed: May 9, 2025

Defendants in their Opposition ("Opp.") do not, because they cannot, contest that five significant discovery disputes – each of which arose during the final week of the fact-discovery period and concerns a refusal by Defendants or a former employee to produce requested discovery – are outstanding, including:

1. *Deposition of Vidya Vishwanathan*. Defense counsel, representing Defendants' former employee Vidya Vishwanathan, on August 4 moved to quash Plaintiffs' August 5 deposition subpoena directed to Ms. Vishwanathan (currently pending in the Western District of Texas).[1]

2. *Deposition of Adobe*. On July 31, Adobe, Inc. ("Adobe") moved to quash Plaintiffs' deposition subpoena. The dispute was transferred to this Court on August 3 and was resolved by the Special Master in a recommendation issued on August 13 requiring a deposition to go forward (which Adobe accepted on August 17); Adobe has since advised that it cannot produce a witness before August 25, and no deposition has been scheduled.

3. *Defendants' Rule 30(b)(6) Deponents*. On August 7, Plaintiffs sought intervention

[1] On August 10, 2026, defense counsel, representing Ms. Vishwanathan, submitted supplemental briefing seeking to quash Ms. Vishwanathan's subpoena for the same reason it had previously argued to the Special Master that a protective order barring Ms. Vishwanathan's deposition should be issued – i.e., that Ms. Vishwanathan's deposition would purportedly mean that Plaintiffs have taken more than 10 depositions. On August 16, 2026, the Special Master rejected Defendants' argument, but defense counsel has not withdrawn its argument in the Western District of Texas – effectively seeking collateral review in a different judicial district of the Special Master's ruling.

concerning Defendants' failure to adequately prepare two Rule 30(b)(6) corporate representatives: Mahmoud Al Shalabi, whose deposition took place on July 30, and Joseph Bruno, whose deposition took place on August 6. ECF No. 146. Plaintiffs seek additional corporate-representative testimony on the topics on which Defendants' corporate representatives were not adequately prepared. *Id.*

4. *Defendants' Failure to Comply with the Special Master's July 28 Recommendation Concerning Privileged Documents*. On August 11, Plaintiffs sought intervention from the Special Master as the result of Defendants' failure to conduct the re-review of documents withheld on the basis of privilege that the Special Master directed Defendants to conduct; the need for intervention was revealed by deficiencies in Defendants' privilege log produced on August 7. The dispute remains outstanding.

5. *Defendants' Highly Belated Privilege Clawbacks*. On August 18, Plaintiffs sought intervention in this Court as the result of Defendants' numerous highly belated, months-overdue clawbacks of responsive documents, including after the close of business on August 7. ECF No. 154.

Neither do Defendants dispute that as many as four depositions, which are the subject of disputes referenced above, will need to be taken before Plaintiffs submit their expert reports, which are currently due on September 4, 2026 – and that the one deposition that the Special Master has ruled shall go forward (of Adobe's representative) cannot take place before August 25 because of the inability of Adobe to produce a witness before then.

Instead, Defendants seek to cut off Plaintiffs' ability to obtain significant outstanding discovery through a ruling from this Court that the Western District of Texas and the Special Master cannot resolve the disputes currently before them, all of which arose in the final week of discovery. Defendants attempt to justify their position by incorrectly blaming Plaintiffs for Defendants' delays and failures to comply with their discovery obligations. But Defendants' own chronology demonstrates the contrary: Plaintiffs have diligently pursued discovery in the face of Defendants' numerous refusals to cooperate throughout discovery, which are well documented (*see, e.g.*, ECF Nos. 54, 99, 113, 146, 151, and 154), and which ultimately required the appointment of the Special Master, who has now issued seven recommendations largely

concerning Defendants' conduct.

So that the remaining discovery disputes can be adjudicated by the Special Master and the Western District of Texas, so that there is time for the parties to complete the discovery that is ordered, and so that expert discovery can proceed efficiently on a complete evidentiary record, and need not be rehashed, a limited four-week extension of the fact-discovery period, which will not impact the trial schedule, is appropriate.

**ARGUMENT**

**I. There Is Good Cause for a Limited Extension That Will Not Affect the Court's Trial Schedule**

Defendants cannot seriously dispute that good cause supports a limited four-week extension of the fact discovery deadline, to enable the five outstanding disputes to be adjudicated by the Special Master and in the Western District of Texas and to allow expert discovery to proceed on a complete record. Indeed, Defendants' own chronology shows that the August 7 fact discovery deadline "[could not] reasonably be met despite the diligence of the party seeking the extension." Opp. at 9 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment); *see Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (discussing "good cause" standard for extensions).[2] This is because all five of the outstanding disputes, each of which concerns refusals by Defendants or non-parties to comply with requested discovery, arose during the final week of fact discovery, such that they could not be resolved before the close of fact discovery. *See, e.g., Boyington v. Percheron Field Servs., LLC*, No. 14-90, 2017 U.S. Dist. LEXIS 191962, at *8 (W.D. Pa. Nov. 21, 2017) ("Defendant's conduct likely contributed to any delay that occurred in asking for a modification of the

[2] Nor do prior extensions affect this motion for an extension. The question remains whether the August 7 deadline could reasonably be met in light of the circumstances at the time. *See Premier Comp Sols.*, 970 F.3d at 319.

scheduling order."); *Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 17-101, 2018 U.S. Dist. LEXIS 135481, at *9–10 (M.D. Pa. Aug. 10, 2018) ("While the Court agrees with Defendants' understandable desire to bring discovery to a close and move the litigation forward, it also agrees with Plaintiff that more time is needed to complete fact discovery [based on Defendants' conduct]."); *Courtney v. Ivanov*, No. 13-227, 2016 U.S. Dist. LEXIS 46519, at *7 (W.D. Pa. Apr. 6, 2016) (defining "good cause" to include "circumstances beyond the control" of a party) (citation omitted). Indeed, three of these five disputes arose because of Defendants' conduct in the *final two days* of fact discovery. Defendants should not be permitted to evade their discovery obligations by waiting until the waning hours of discovery to refuse compliance.

Moreover, Defendants' attempt to attribute the late deposition schedule to Plaintiffs requires a false assumption: because Plaintiffs only substantively questioned only two witnesses about produced source code, Defendants contend that Plaintiffs never needed the source code before beginning depositions at all, and thus unreasonably delayed in taking them. Opp. at 10–11. But the number of witnesses who ultimately proved capable of answering source-code questions says nothing whatsoever about whether Plaintiffs acted reasonably in seeking that evidence before depositions began. Plaintiffs did not know, and could not have known, in advance which witnesses would possess sufficient technical knowledge to answer questions related to source code, and the depositions confirmed that all but one of the witnesses produced by Defendants lacked that knowledge.[3] Indeed, Defendants acknowledge that certain witnesses

[3] Directly contrary to Defendants' argument (Opp. at 10), Plaintiffs asked *every* defense witness about the technical aspects of the tracking technologies. Plaintiffs did not inquire further about source code where Defendants' witnesses made clear that they lacked technical knowledge. For example, Defendants' employee Chris Vitti testified that Defendants deploy "tags" on their website, and described a tag as a "snippet of code that captures certain information;" but when asked whether such a tag could capture user clicks, Mr. Vitti stated that he was "not familiar enough with the technology to answer that properly" and identified Defendants' employee Mahmoud Al Shalabi as the appropriate technical witness. Ex. 1, Vitti Tr. 63:1–64:8. Even

"lacked knowledge of, or technical responsibility for, the source code." Opp. at 4. It therefore made little sense to spend deposition time questioning those witnesses about technical materials they could not explain. But that changes nothing about the fact that Plaintiffs needed to review Defendants' source code before taking depositions, so that Plaintiffs' questions would be informed by an understanding of Defendants' processes for transmitting the private data of insureds to third parties, which the source code explains.

Nor did Plaintiffs cause Defendants to belatedly produce source code. Defendants resisted producing the requested source code for many months, ultimately requiring the Special Master's intervention. *See* Ex. 4, April 28, 2026, Special Master Recommendation at 3–4. Defendants thereafter insisted that Plaintiffs review the code only through secure-review procedures, before ultimately agreeing on July 2 to produce it under less restrictive circumstances. *See* Opp. at 4.

More fundamentally, Defendants' complaints about the sequencing of earlier discovery and prior extensions (which were necessitated by Defendants' conduct) do not answer the Rule 16 question presented now: whether the outstanding discovery disputes could reasonably have been resolved by the August 7 deadline. *See Coleman v. Blockbuster, Inc*., 238 F.R.D. 167, 172 (E.D. Pa. 2006) (granting extension notwithstanding defendants' contention that prior extensions had been "fruitless"); *Bolton v. Bay Valley Foods*, LLC, No. 17-69, 2019 U.S. Dist. LEXIS 21523, at *2–6 (W.D. Pa. Feb. 11, 2019) (granting a further extension after three previous

---

Defendants' Rule 30(b)(6) deponent, Joseph Bruno, testified that he had not reviewed source code, asked what "source code" meant, and described his familiarity with HTML and computer code as "very, very, very minor;" he further confirmed that technical topics were not among those for which he had prepared. Ex. 2, Bruno Tr. 13:1–19. In contrast, Mr. Al Shalabi's knowledge regarding source code enabled him to answer questions about it. Ex. 3, Al Shalabi Tr. 63:1–64:24, 77:13–78:16. That Plaintiffs did not spend more deposition time asking witnesses without knowledge of technical matters to parse source code demonstrates why Plaintiffs needed it prior to deposition discovery – to determine what Defendants' systems actually did and to direct technical questions to the witnesses able to answer them.

extensions). Given that three of the five outstanding disputes arose on the day of the deadline or a day before, and the other two arose within a week of the deadline, the answer is obviously that these disputes could not have been resolved through Plaintiffs' diligence.

Furthermore, Defendants cannot dispute that, with respect to each category of outstanding discovery, Plaintiffs have acted with alacrity. *First*, with regard to the Adobe deposition, Defendants concede that Plaintiffs served a document subpoena on Adobe in December 2025, served a deposition subpoena in March 2026, moved to compel in May 2026, obtained a ruling in July 2026, and continued pursuing the remaining discovery thereafter. Opp. at 7. Adobe did not request leave to move to quash until July 31; and the resulting dispute was not transferred to this Court until August 3. *Id.* The Court concluded that the unresolved Adobe proceedings warranted additional time and entered a two-week Adobe-specific extension on August 6. ECF No. 137; Opp. at 7. As noted above, Adobe now states that it cannot produce a witness until August 25, 2026. Ex. 5, August 17, 2026, Email from D. Schwartz.

*Second*, with regard to Ms. Vishwanathan's deposition, Plaintiffs indisputably acted promptly. Defendants concede that Plaintiffs identified Ms. Vishwanathan as a potential custodian of relevant and discoverable information on March 24, 2026. Opp. at 6. Defendants likewise do not dispute that Plaintiffs also requested her deposition availability in March 2026, before obtaining subsequent discovery further establishing her involvement in critical decision-making,[4] after which Plaintiffs noticed her deposition on a date prior to the August 7 deadline.

[4] For example, Defendants did not until July 2026 produce a document in which Ms. Vishwanathan was identified as the "Business Requester" for Adobe. Ex. 6, CIG_ADAIR00029524. That document showed that Ms. Vishwanathan possesses firsthand knowledge bearing on the technologies at issue, the data they collected, Defendants' understanding of the associated privacy risks, and their subsequent response. *Id.* Likewise, when Plaintiffs deposed Mr. Vitti on July 17, 2026, he repeatedly deferred Adobe-related questions to Ms. Vishwanathan, and testified that she was involved in (and explained to him) Defendants' decision to migrate from Adobe Analytics to Adobe Customer Journey Analytics. Ex. 1, Vitti Tr. 83:16, 94:17–95:12.

ECF Nos. 139-4 at 5, Ex. 7, July 20, 2026, V. Vishwanathan Deposition Subpoena. Ms. Vishwanathan's deposition did not take place because, on August 4, she (represented by defense counsel) filed a motion to quash in the Western District of Texas. ECF No. 139-1 at 2–3; Opp. at 6–7. Defendants then filed their own request for a protective order in this Court on August 6. ECF No. 138.

*Third*, with regard to Defendants' failure to adequately prepare their corporate representatives, Mr. Al Shalabi's and Mr. Bruno's depositions did not take place until July 30 and August 6, respectively. Plaintiffs immediately sought intervention, on August 7.

*Fourth*, with regard to the pending privilege disputes, Defendants delayed in producing a (purportedly) complete privilege log until July 8, 2026. Ex. 8. After Plaintiffs on August 3, 2026, identified numerous improprieties, and ultimately on August 11, 2026, sought intervention, the Special Master issued his recommendation related to privilege issues on July 28. ECF No. 139-1 at 2. Defendants concede that the recommendation required Defendants to perform additional privilege-log review beyond the thirty-three entries reviewed *in camera*. Opp. at 8. Defendants also concede that they did not complete this re-review until August 7; however, Defendants on that date withdrew their privilege objections only with respect to two additional documents, out of more than 100 that Plaintiffs specifically challenged. *Id.* at 9. Because Defendants did not complete the re-review until August 7, the discovery period expired before Plaintiffs had any opportunity to address the deficiencies in Defendants' production, which failed to comply with the Special Master's recommendation.

*Fifth*, with regard to Defendants' belated clawbacks of produced documents, Defendants produced their privilege log on August 7 – and clawed back documents after the close of business on the final day of the fact discovery period. ECF No 154.

## II. The Special Master's August 16, 2026, Recommendation Confirms the Need for Additional Time

The Special Master's August 16 recommendation – which rejected Defendants' argument that the additional depositions Plaintiffs sought should be precluded as exceeding the Rule 30 presumptive limit – confirms the need for a discovery extension. The Special Master rejected Defendants' assertion that Adobe and Ms. Vishwanathan were "Plaintiffs' twelfth and thirteenth depositions" and therefore "should never have been noticed without court authorization." Opp. at 11; Ex. 9, August 16, 2026, Special Master Recommendation, at 9. Instead, the Special Master observed that "[t]here is no dispute that plaintiffs have taken depositions of only seven individuals." Ex. 9, Recommendation at 9. Because the particular manner in which two individuals were noticed and testified caused those two witnesses to account for six nominal depositions, the Special Master characterized a resulting count of eleven as "arguably hyper-technical." *Id.*

Furthermore, as noted by the Special Master, Ex. 9, Recommendation at 11–12, Ms. Vishwanathan's motion to quash based on supposed undue burden remains pending in the Western District of Texas. *In re Subpoena from Jerry M. Adair*, No. 26-02155 (W.D. Tex. filed Aug. 4, 2026); *Courtney*, 2016 U.S. Dist. LEXIS 46519, at *7 (parties moving for an extension should not be penalized for circumstances outside of their control). It would substantially prejudice Plaintiffs to bar them from taking this highly significant deposition notwithstanding the Special Master's ruling that it may proceed subject to the Texas court's disposition of Ms. Vishwanathan's motion to quash.

## III. Defendants' Characterization of Plaintiffs' Request as "Open-Ended" is Wrong

Defendants' characterizations of Plaintiffs' request for a limited four-week extension as "blanket" or "open-ended," Opp. at 1, 12–14, are wrong. Plaintiffs requested dates certain,

adjusting opening expert reports, rebuttal reports, and expert depositions so that fact discovery could precede expert discovery. ECF No. 139-1 at 1, 6. Plaintiffs did not request modification of the dispositive-motion deadlines or trial date. *Id.* at 6. It is axiomatic that a twenty-eight-day extension is not "open-ended" relief. Defendants' related assertion that "all outstanding, properly issued discovery has been completed," Opp. at 15, is, on its face, plainly inaccurate, and is contradicted by the Opposition, which acknowledges the still-pending Adobe proceedings, Opp. at 7; an August 4 motion to quash Ms. Vishwanathan's deposition, *id.* at 6–7; and a privilege re-review completed only on August 7, *id.* at 8–9.[5]

The Court should additionally grant Plaintiffs' request because it does not affect the trial schedule. Plaintiffs proposed extending only the fact- and expert-discovery dates to keep discovery in sequence while leaving dispositive motions and trial deadlines unchanged. ECF No. 139-1 at 6. No party will suffer any prejudice if the Court grants Plaintiffs' request. On the other hand, Plaintiffs will suffer significant prejudice if the Court does not permit them to obtain the discovery subject to the pending and recently decided disputes, because Plaintiffs would be precluded from obtaining critical evidence to which they are entitled on which they have, to date, diligently pursued. *See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (denial of discovery extension is improper if denial makes it "impossible to obtain crucial evidence" and more diligent discovery was impossible) (citation omitted). The Rules favor resolving actions justly and on their merits; precluding Plaintiffs from obtaining discovery during a brief extension of the discovery period would frustrate this purpose. *See* Fed. R. Civ. P. 1 (providing that the Rules should be construed to secure the "just" determination of "every action and proceeding"); *Rivera v. Knapp*, No. 22-

---

[5] As noted above, a dispute about Defendants' improper belated clawbacks of responsive documents is now also pending. ECF No. 154.

00673, 2024 U.S. Dist. LEXIS 12090, at *8 (M.D. Pa. Jan. 23, 2024) (discussing how the rules of procedure should be liberally construed to judge cases on the merits). The four-week extension accomplishes that result.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a limited extension of the fact-discovery deadline from August 7, 2026, to September 4, 2026. Plaintiffs additionally respectfully request that the Court extend the deadline for opening expert reports from September 4, 2026 to October 2, 2026; the deadline for rebuttal expert reports from October 6, 2026 to November 3, 2026; and the deadline for expert depositions from November 6, 2026 to December 4, 2026. Plaintiffs further request that all other deadlines, including the trial date, remain unchanged.

Dated: August 19, 2026

Respectfully submitted,

s/ Andrew D. Schlichter
Nathan D. Stump (PA Bar No. 90169)
Andrew D. Schlichter (*pro hac vice*)
Alexander L. Braitberg (*pro hac vice*)
Chen Kasher (*pro hac vice*)
Scott A. Bumb (*pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel.: (314) 621-6115 / Fax: (314) 621-5934
nstump@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com
sbumb@uselaws.com

Zoë E. Seaman-Grant
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
(630) 919-9301
zseamangrant@uselaws.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August 2026, a true and correct copy of the foregoing document was filed via the Court's CM/ECF filing system and is available to all counsel of record through that system.

s/ Andrew D. Schlichter
Andrew D. Schlichter